## ELROD SLUG CASTING MACHINE CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24220. Promulgated February 3, 1930.

*Herman Aye, Esq., William A. Day, Esq.,* and *James E. Rait, Esq.,* for the petitioner.

*Arthur Carnduff, Esq.,* for the respondent.

**OPINION.**

LANSDON: This proceeding is an appeal from the respondent's determination of profits-tax liabilities for the years 1920 and 1921, under the provisions of section 328 of the Revenue Acts of 1918 and 1921. The petitioner contends that it should be allowed to include at least the par value of its outstanding stock in the computation of its invested capital and that such inclusion would enable the respondent to determine its profits-tax liability for each of the taxable years under the provisions of section 301 of the applicable revenue acts. As the basis of its contention the petitioner avers that the application for a patent paid in by Elrod in exchange for stock of the par value of $10,200 had an actual cash value of at least $100,000 at the date it was acquired for stock.

Under the law patents are intangible property (section 325(a), Revenue Act of 1918). An application for a patent we think must be classified as "other like property" and, therefore, as an intangible. The question here, then, is to determine the value for invested capital purposes of intangibles paid in for stock at date of the incorporation of the petitioner. That part of section 326 of the Revenue Acts of 1918 and 1921 applicable here is as follows:

(5) Intangible property bona fide paid in for stock or shares on or after March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year * * *.

The record discloses that the petitioner was incorporated about August 1, 1917, and that at date of incorporation the application for a patent on the device invented by Elrod was paid in for common stock of the par value of $10,200. Without more, this fact, under the law, limits the value of such application for invested capital purposes to the par value of the stock then received therefor. The petitioner contends, however, that the effect of the increase of capital stock about a year and a half after incorporation was to substitute the transaction in connection therewith for the original issue of stock for cash and intangible property. Its theory seems to be that it dates as a corporate entity from the reorganization rather than from the time of original incorporation. There is very little basis for this assumption. The corporation first chartered still exists. The only change is in the amount of authorized capital. It is true that Elrod received stock of the par value of $51,000 upon surrender of the shares originally issued to him, but we fail to see how it can be said that he paid in his patent application for such shares. So far as the common stock is concerned the increase thereof seems to have been in the nature of a stock dividend. If so, and it represented value that existed at date of incorporation, the petitioner can not benefit here, since the fact remains that the patent application was paid in for shares of the par value of $10,200 and, entirely regardless of the value of such application, that is the maximum amount that can be allowed under the law for invested capital purposes. If it was a stock dividend representing appreciation of the value of the application for a patent between the date of incorporation and the issue thereof, it avails the petitioner nothing. Beginning with *LaBelle Iron Works*, 256 U. S. 377, the courts and this Board have many times held that appreciation of values after acquisition may not be considered as an element in the computation of statutory invested capital. *H. T. Cushman Manufacturing Co.*, 2 B. T. A. 39; *Spahr Brick Co.*, 2 B. T. A. 946.

In the light of the statute and the authorities above cited, it is not necessary to discuss the evidence adduced by the petitioner for the purpose of showing that the patent application had an actual cash value of at least $100,000 when paid in for stock in 1917.

*Decision will be entered for the respondent.*